**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **MIDWEST ENERGY EMISSIONS CORP.,**<br><br>**Plaintiff,**<br>**v.**<br><br>**BERKSHIRE HATHAWAY ENERGY COMPANY, MIDAMERICAN ENERGY COMPANY, PACIFICORP, ALLIANT ENERGY CORPORATION, ALLIANT ENERGY CORPORATE SERVICES, INC., INTERSTATE POWER AND LIGHT COMPANY, and WISCONSIN POWER AND LIGHT COMPANY,**<br><br>**Defendants.** | Case No. 4:24-cv-243<br><br>DEFENDANT PACIFICORP'S BRIEF IN SUPPORT OF ITS RESISTANCE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Oral Argument Requested |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................ 1

A. This Court Does Not Have Personal Jurisdiction Over PacifiCorp and Alliant Energy to Award ME2C's Requested Relief ............................................ 1

B. ME2C Has Failed To Establish Venue For Its Claims Against PacifiCorp Or That PacifiCorp Performed Any Infringing Act In Iowa.................................. 2

C. ME2C Is Not Likely to Succeed On The Merits Against PacifiCorp..................... 4

III. CONCLUSION .......................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Budd Co. v. U.S. Dep't of Transp.*,
89 F.R.D. 555, 556 (E.D. Pa. 1981)....................2

*Celgard, LLC v. LG Chem, Ltd.*,
624 F. App'x 748 (Fed. Cir. 2015) ....................2

*Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*,
708 F.2d 1338 (8th Cir. 1983) ....................1

*Maybelline Co. v. Noxell Corp.*,
813 F.2d 901 (8th Cir. 1987) ....................3

*Med-Tec Iowa, Inc. v. Computerized Imaging Reference Sys., Inc.*,
223 F. Supp. 2d 1034 (S.D. Iowa 2002) ....................2

*Proctor & Gamble Co. v. Ranir, LLC*,
No. 17-CV-185, 2017 WL 3537197 (S.D. Ohio Aug. 17, 2017)....................2, 3

*Wright v. City of Las Vegas*,
395 F. Supp. 2d 789 (S.D. Iowa 2005) ....................2

**Statutes**

28 U.S.C. 1400(b) ....................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)(3) and 12(b)(6)....................1

## I. INTRODUCTION

Defendant PacifiCorp incorporates by reference Defendants' Brief in Support of Resistance to Plaintiff's Motion for Preliminary Injunction. PacifiCorp addresses additional, PacifiCorp-specific grounds upon which ME2C's motion should be denied. Specifically, ME2C failed to meet its burden as to: (1) whether the Court has jurisdiction over PacifiCorp in this case, (2) whether venue is proper in this District as to the claims against PacifiCorp, and (3) whether PacifiCorp has infringed the patent at issue in ME2C's motion. Despite being on notice of PacifiCorp's position that venue in this District is improper,[1] ME2C's motion is *completely silent* on the venue and jurisdiction issue. Because ME2C failed to meet its burden with respect to the threshold issue of jurisdiction and venue, the Court need not reach the merits of ME2C's motion.

## II. ARGUMENT

### A. This Court Does Not Have Personal Jurisdiction Over PacifiCorp and Alliant Energy to Award ME2C's Requested Relief

PacifiCorp has no employees in Iowa, no power plants in Iowa, and has no business operations in Iowa. ECF 79-2 at ¶¶ 4-7. This Court cannot grant a preliminary injunction against PacifiCorp because it lacks personal jurisdiction. The Eighth Circuit, the Federal Circuit, and Iowa district courts, all agree that for any court to issue any form of relief (including a preliminary injunction) the court must first have personal jurisdiction over the parties. *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1339 (8th Cir. 1983) ("We hold that it was not proper for the district court to grant the preliminary injunction because the court had no personal

---

[1] PacifiCorp moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2)(3) and 12(b)(6) before ME2C's filed its motion for preliminary injunction. ECF 45. After ME2C amended its complaint, PacifiCorp renewed its motion to dismiss on the same grounds. ECF 79. Counsel for ME2C agreed that "PacifiCorp's participation in the preliminary injunction process and discovery relating to preliminary injunction does not waive PacifiCorp's challenge on personal jurisdiction and venue grounds." PacifiCorp Exhibit 1 (Email from J. Nemunaitis, November 25, 2024).

jurisdiction over the defendants."); *Med-Tec Iowa, Inc. v. Computerized Imaging Reference Sys., Inc.*, 223 F. Supp. 2d 1034, 1035 (S.D. Iowa 2002) ("In order to grant injunctive relief, this Court must first have personal jurisdiction over the parties."); *Celgard, LLC v. LG Chem, Ltd.*, 624 F. App'x 748, 751-752 (Fed. Cir. 2015) ("[I]t was legal error for the district court to issue this injunction without making any findings with respect to its jurisdiction over [the defendant]."). Lack of personal jurisdiction over PacifiCorp (*see* ECF 79), precludes injunctive relief.

To assess personal jurisdiction, Iowa courts consider: (1) the nature and quality of the contacts with the forum, (2) the quantity of the contacts, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Wright v. City of Las Vegas*, 395 F. Supp. 2d 789, 802 (S.D. Iowa 2005). Here, none of the factors is met. *See* ECF 79-1 at 14-16. But most importantly, ME2C fails to appreciate that Iowa has no interest in resolving a dispute between a Delaware corporation and an Oregon corporation regarding alleged infringement occurring at power plants in Wyoming (factor 4), and the forum is inconvenient to the parties because neither is located in Iowa (factor 5). PacifiCorp does not have sufficient contacts in Iowa to establish jurisdiction.

### B. ME2C Has Failed To Establish Venue For Its Claims Against PacifiCorp Or That PacifiCorp Performed Any Infringing Act In Iowa

Courts have routinely held that "[c]ourts faced with an argument that venue is improper must resolve that issue prior to addressing the merits of any claim, including a preliminary injunction." *Proctor & Gamble Co. v. Ranir, LLC*, No. 17-CV-185, 2017 WL 3537197, at *4 (S.D. Ohio Aug. 17, 2017) (rejecting plaintiff's argument that a court "has the power to issue a preliminary injunction before taking action on a motion alleging improper venue"); *Budd Co. v. U.S. Dep't of Transp.*, 89 F.R.D. 555, 556 (E.D. Pa. 1981) ("Before this court can consider the merits of [plaintiff's] claim, particularly its motion for preliminary injunction, it must address and

decide the defendants' alternative motion to dismiss or transfer this action due to improper venue."). Indeed, "it is reversible error to address injunctive relief prior to a claim of improper venue." *Proctor & Gamble*, 2017 WL 3537197, at *4. In line with these principles, the Eighth Circuit has reversed a grant of preliminary injunction where venue was improper. *Maybelline Co. v. Noxell Corp.*, 813 F.2d 901, 907 (8th Cir. 1987).

ME2C contends venue is proper under the second prong of 28 U.S.C. 1400(b) but cannot identify a single act of infringement by PacifiCorp *in Iowa* or a single place of business belonging to PacifiCorp *in Iowa*. To salvage its case, ME2C argues that "PacifiCorp has committed acts of infringement through its officers and employees located in this district" (ECF 95 at 1) but completely failed to identify *any* employee who committed *any* act of infringement in this District.

To be sure, ME2C alleges that PacifiCorp <u>directly</u> infringes the '517 Patent by performing certain patented processes at PacifiCorp plants in Wyoming. To directly infringe the '517 Patent, ME2C would have had to show, *inter alia*, that a PacifiCorp employee "combusted coal with added bromine" and "injected a sorbent comprising activated carbon" (as required by the claims in the Asserted Patents). And to properly plead venue, ME2C would have had to show that the PacifiCorp employee performed those steps *in Iowa*. But ME2C fails to do so at every juncture. Instead, ME2C acknowledges that every allegedly infringing act by PacifiCorp is performed *in Wyoming*. *See* ECF 59 at ¶¶ 123-140 (identifying PacifiCorp's allegedly infringing acts but never mentioning any act performed in Iowa). Not a single PacifiCorp power plant is in Iowa and not a single step of the claimed methods is alleged to be performed by PacifiCorp in Iowa. Thus, nothing supports ME2C's conclusory assertion that PacifiCorp "committed acts of infringement … *in this district*." ME2C's failure to identify a single PacifiCorp employee at any identifiable location of PacifiCorp in Iowa dooms any attempt to establish venue in this District.

**C. ME2C Is Not Likely to Succeed On The Merits Against PacifiCorp**

ME2C's argues PacifiCorp infringes by "employ[ing] bromine additives and activated carbon injection" and that "combustion of brominated coal and activated carbon use ... was found sufficient to support a verdict of infringement in the Delaware case for the power plants at issue in that case." ECF 58-1 at 9. ME2C then makes the astronomical leap—without *any* supporting explanation—that "[f]or the same reasons that the jury found infringement in that case, it is more likely than not that the Defendants here will be found liable." *Id.* But PacifiCorp—which was not a party to the Delaware action—cannot be bound by a finding of infringement in a different court against different defendants relating to different accused conduct. The accused PacifiCorp power plants were not at issue in the Delaware case. ECF 58-1 at 5 (listing accused plants in Delaware).

Nor does ME2C's declarant fill in the glaring holes in ME2C's briefing. Addressing only one claim of one patent-in-suit, he offers (albeit summarily) "an explanation as to how a power plant *can* practice this claim," without any claim charts mapping PacifiCorp's accused process to the limitations of that claim. ECF 58-3 ¶ 9; *see also* ¶ 12 (asserting only that "power plants burning [PRB] coal *typically* require the use of a bromine-based additive added to the coal or combustion chamber, and injection of activated carbon sorbent injected into the flue gas") (emphasis added). He affirmatively concedes that there are other processes for lowering mercury emissions that "would not infringe the ME2C patents asserted in this case." *Id.* ¶¶ 10-11.

The only "evidence" upon which ME2C relies for its claim against PacifiCorp are (1) excerpted and summarized information from U.S. Energy Information Administration ("EIA") Form 860 and (2) documents relating to permitting of plants. Neither of these is sufficient to demonstrate that ME2C is likely to succeed in establishing infringement at PacifiCorp's power plants. The evidence cited with respect to PacifiCorp's Dave Johnston, Wyodak, and Jim Bridger plants merely refers to a permit application being received. The Trettel declaration cites to "Ex. 5"

in connection with PacifiCorp's Dave Johnston plant and quotes certain text from a permit application. ECF 116-1. But this document instead shows that an "alternative" to "calcium bromide" was being considered at the Dave Johnston plant (*see* ECF 116-1 at 150-151) after the calcium bromide permit waiver was "superseded" in November 2014 (*see* ECF 116-1 at 144), more than 5 years before the '517 Patent issued. Similarly, the cited permit for Wyodak refers to the use of a "non-halogenated carbon product (AltaSORB) to control mercury emissions," which does not infringe Claim 1 of the '517 Patent. ECF 58-11. The cited permit for Jim Bridger also refers to "potassium iodide," which is outside the scope of Claim 1 of the '517 Patent. ECF 58-12. The use of an alternative technology completely undermines ME2C's likelihood of success.

Additionally, Mr. Trettel's declaration completely fails to show any actual use of any bromine or activated carbon at any PacifiCorp power plant. Claim 1 of the '517 Patent is a method claim and ME2C failed to live up to its burden to show actual use of such chemicals any time *after* March 24, 2020 when the patent issued. ME2C's summary table of information derived from Defendants' EIA forms is also insufficient.[2] That table indicates that PacifiCorp's "Mercury Control Existing Strateg(ies)" are "ACI," "EK," "BP," and "OT" without any explanation of what it means. ECF 58-3 ¶ 17. The declaration does not map the unspecified "ACI" strategy listed in the table to any of the limitations of claim 1 of the '517 Patent, nor does it indicate which methods are *actually* being used at the plants. This failure is fatal to ME2C's likelihood of success against PacifiCorp.

## III. CONCLUSION

For the foregoing reasons, ME2C's Motion for Preliminary Injunction should be denied.

---

[2] The only citation in support of the table is https://www.eia.gov/electricity/data/eia860/, without further explanation. ECF No. 58-3 ¶ 17 n.1. The most recent data available on the website is from 2023.

Dated: December 16, 2024

Respectfully submitted,

/s/*Syed K. Fareed*

Syed K. Fareed
**McDermott Will & Emery LLP**
300 Colorado Street, 22nd Floor
Austin, TX 78701
sfareed@mwe.com

David M. Genender
David J. Tobin
**McDermott Will & Emery LLP**
2501 North Harwood Street Suite 1900
Dallas, TX 75201-164
dgenender@mwe.com
dtobin@mwe.com

Gregory R. Brown
**Duncan, Green, Brown & Langeness, P.C.**
400 Locust Street, Suite 380
Des Moines, IA 50309
gbrown@duncangreenlaw.com

***Attorneys for Defendant PacifiCorp***

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2024, the foregoing was filed electronically and served on all counsel of record.

*/s/Syed K. Fareed*
Syed K. Fareed